h STEWART, Judge.
The sole issue before the court is whether the judgment of August 27, 1993, in favor of the plaintiffs and against the Department of Transportation and Development, should be amended to recognize the worker’s compensation insurance lien in favor of intervenor, Liberty Mutual Insurance Company. We affirm.
FACTS
Anthony Larry and Rufus Rushing were killed in a train collision while riding in a tractor trailer rig leased to their employer, Southeast Frozen Foods. Jeanell Larry filed suit individually and on behalf of Anthony Larry, Jr., Courtney Larry, and Antonique Larry (the Larrys) against, among others, the State of Louisiana, Department of Transportation and Development (DOTD). Liberty Mutual Insurance Company (Liberty Mu *691 tual), who provided worker’s compensation insurance to Southeast Frozen Foods, intervened pursuant to LSA-R.S. 23:1101 to recover worker’s compensation death benefits allegedly paid.
Serious settlement negotiations took place between the Larrys, DOTD, and Liberty Mutual. On June 29, 1993, the attorneys for DOTD and Liberty Mutual appeared in court to state the terms of the settlement agreement: that DOTD would pay the Larrys $425,000 plus court costs and that if Liberty agreed to waive any and all reimbursement of past payments of worker’s compensation benefits, the Larrys would waive any future compensation and all rights to seek reimbursement for costs and attorney’s fees against Liberty incurred in the prosecution of the third-party demand. DOTD’s attorney noted that there were potential problems with the settlement because it was subject to the Attorney General’s approval. The trial court proceeded with the employer’s liability insurer’s claim against the State to recover amounts it paid in settlement to other parties, and suggested that the claims involving DOTD and Liberty Mutual be reset.
RWhen the Larrys encountered difficulty enforcing the settlement with DOTD, they moved that the settlement be made the judgment of the court. In the mean time, the Larrys revised their settlement offer to DOTD by including a contingency that the Larrys would waive future compensation benefits if DOTD abided by the terms and conditions of the previously executed settlement agreement.
The district court allowed the agreement between DOTD and the Larrys to become the judgment of the court. Liberty objected to the form of the judgment because it did not include Liberty’s lien established pursuant to LSA-R.S. 23:1101. The court overruled the objection, noting that Liberty was not included as a party to the settlement and that Liberty’s lien would remain in effect as to all parties.
DISCUSSION
LSA-R.S. 23:1101 allows the worker’s compensation insurer, who has paid worker’s compensation benefits or may become liable therefor, to seek reimbursement from such third parties who may be liable for the employee’s damages. The employer and employee are required to notify each other that such a suit has been filed against a third party. LSA-R.S. 23:1102(A). If the employee or his dependant fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of any settlements made in this regard, the employee or dependant loses the right to future compensation, including medical expenses. LSA-R.S. 23:1102(B). Moreover, LSA-R.S. 23:1102(C) provides for an employer/insurer’s lien against a third party when the third party fails to obtain the employer’s approval of a settlement and recognizes the employer/insurer’s right to continue to seek reimbursement against the third party for any future worker’s compensation obligations.
Because of these statutory provisions, Liberty Mutual’s rights are protected. Although the consent judgment between DOTD and the Larrys makes no mention of laLiberty Mutual’s lien, Liberty Mutual is still free to proceed to enforce its rights. The trial court did not err in its construction of the judgment and we therefore affirm, assessing costs of the appeal against Liberty Mutual.
AFFIRMED.